



**MEMO ENDORSED**

JAMES E. JOHNSON
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MORGAN WEBBER-OTTEY
Assistant Corporation Counsel
Phone: (212) 356-2470
Email:mwebber@law.nyc.gov

October 9, 2020

Plaintiff is directed to respond by Wednesday, October 14, 2020.

So ordered.

_____
Edgardo Ramos, U.S.D.J
Dated: 10/9/2020
New York, New York

**VIA ECF**
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Michael Ramsaroop v. The Department of Education of the City of New York et al.
20-CV-04947 (ER)

Dear Judge Ramos:

I am an Assistant Corporation Counsel assigned to represent the Department of Education of the City of New York ("DOE") and Principal Shirley Miller ("Miller") (collectively, "City Defendants"), in the above-referenced matter. In accordance with ¶ 2.A.ii of Your Honor's Individual Practices, City Defendants respectfully request a pre-motion conference, to discuss their anticipated motion to dismiss the Complaint.

*Pro se* Plaintiff Michael Ramsaroop ("Plaintiff"), a former teacher with DOE[1] until his termination for incompetency in June 2017, commenced this action alleging that City Defendants violated the First and Fourteenth Amendment pursuant to § 1983 (due process), Age Discrimination in Employment Act ("ADEA"), New York State Human Rights Law, ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), the New York State Constitution Article I, § 6, New York Labor Law § 740, New York State Civil Service Law § 75-b, and asserts various tort claims including negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and constructive fraud in contract. City Defendants respectfully submit that dismissal is warranted in this case on a number of grounds, including the following:

**A.    Plaintiff's § 1983, NYCHRL, NYSHRL, New York Labor Law § 740, New York Civil Service Law 75-b, Tort, and ADEA Claims[2] are Procedurally Barred**

*1) § 1983 Claims*

---

[1] Prior to his termination, Plaintiff was employed at the Academy of Hospitality and Tourism ("AOHT").
[2] ADEA claims as against the individual City Defendant, Principal Miller.

Plaintiff's termination followed an Education Law 3020-a hearing and, thereafter, it was appealed in an Article 75 special proceeding, and ultimately upheld. See Complaint ("Compl.") ¶¶ 1, 33, 35. Thus, Plaintiff is foreclosed from several of his claims, such as those brought under § 1983, and to the extent that they are, arguendo, even sufficiently pleaded here, under the NYCHRL/NYSHRL, as discussed infra A.3. See Burkybile v. Bd. of Educ., 411 F.3d 306, 308 (2d Cir. 2005) (holding that the employee's underlying "Section 3020-a hearing is a quasi-judicial administrative action whose findings are entitled to preclusive effect") (internal citation omitted); see also Mohammed v. N.Y.C. Dep't of Educ., 932 F.Supp.2d 420, 428 (E.D.N.Y. 2013) (holding that plaintiff's discrimination claims are collaterally estopped due to factual findings in plaintiff's Section 3020-a hearing and the state court's Article 75 review).

### 2) *New York Labor Law § 740 and New York Civil Service Law 75-b Claims*

Plaintiff's claims pursuant to New York Labor Law § 740 and New York Civil Service Law 75-b are deficient, as they cannot satisfy threshold procedural requirements, and thus must be dismissed. At the outset, "Section 740 of the New York Labor Law prohibits an employer from taking 'any retaliatory personnel action against an employee' who discloses an employer's violation of law to a supervisor or a public agency. N.Y. Lab. Law § 740(2). Section 740, however, does not apply to public employers like the defendant [DOE]." See Pincus v. N.Y.C. Dep't of Educ., No. 16-CV-5253 (AMD) (JO), 2017 U.S. Dist. LEXIS 228834, at *21 (E.D.N.Y. Nov. 30, 2017) (noting, rather, that "[p]ublic employers are covered by New York Civil Service Law § 75-b") (citations omitted). Moreover, "[f]or those employees subject to dismissal or other disciplinary action under a 'disciplinary procedure contained in a collectively negotiated agreement,' the employee may assert the wrongful discipline as a defense in the course of *that* disciplinary procedure (for example, at a § 3020-a hearing)." See Seung-Yong Ok v. New York City Dep't of Educ., 2018 U.S. Dist. LEXIS 77519, *7-8 (E.D.N.Y. May 7, 2018) (citing § 75-b(3)(a)) (emphasis added). Indeed, "even if the § 3020-a hearing does not resolve the entire case, it may well narrow the issues because findings from a § 3020-a hearing are entitled to preclusive effect." Seung-Yong, 2018 U.S. Dist. LEXIS 77519 at *8-9 (citing Burkybile 411 F.3d at 311).

### 3) *NYCHRL, NYSHRL, New York Labor Law § 740, and Tort Claims*

Upon information and belief, Plaintiff has failed to file a notice of claim, which imperils his NYCHRL, NYSHRL, New York Labor Law § 740, and tort claims. Indeed, Plaintiff has not affirmatively pleaded in his Complaint that he filed the requisite notice of claim. See generally Compl. "New York Education Law § 3813 requires a plaintiff to file a notice of claim prior to initiating a lawsuit against a school, school district, board of education, or education officer." Collins v. City of New York, 156 F. Supp. 3d 448, 460 (S.D.N.Y. 2016). A plaintiff's "failure to plead compliance with § 3813(1)'s requirements is a fatal defect mandating dismissal of the action." See Elgalad v. New York City Dep't of Educ., No. 17-CV-4849 (VSB), 2018 U.S. Dist. LEXIS 162838, at *11 (S.D.N.Y. Sept. 24, 2018).

Likewise, Plaintiff's NYCHRL and NYSHRL claims against the individually named Defendant fail. "To make out a claim against an individual defendant under the SHRL or the CHRL, a plaintiff must either show direct, personal involvement in discriminatory conduct, or that the defendant 'aided and abetted' the discrimination or retaliation at issue, i.e., that the

defendant 'encouraged, condoned or approved' it." Zambrano-Lamhaouhi v. N.Y.C. Bd. of Educ., 866 F.Supp. 2d 147, 162- 63 (E.D.N.Y. 2011) (internal citations omitted). A pleading that is "entirely devoid of any allegations of…personal involvement" is "fatally defective on its face." See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotations omitted); see also Frith v. City of N.Y., 203 F. Supp. 3d 386, 389 (S.D.N.Y. 2016) (noting that "[a]complaint alleging a civil rights violation pursuant to 42 U.S.C. § 1983 must contain specific factual allegations demonstrating a deprivation of a constitutional right, or it will be dismissed) (citing Alfaro, 814 F.2d at 887). The Complaint falls well short of sufficiently alleging that individually named Defendant Miller was personally involved in any alleged discrimination based on Plaintiff's age. Indeed, the Complaint describes Miller as "a person who was unknown to Plaintiff and who charged him while he was on a Sabbatical, and solely because of malice and bad faith." See Compl. ¶ 3. Accordingly, all state claims should be dismissed.

*4) ADEA Claims, as Against the Individual City Defendant*

It is well established that there is no individual liability under the ADEA. See Shanahan v. New York, No. 10-CV-0742, 2011 U.S. Dist. LEXIS 6384 at *11 (S.D.N.Y. Jan. 24, 2011). As such, Plaintiff's ADEA claims against the individually named Defendant, Miller, must be dismissed.

**B.  The Complaint Fails to State a Claim**

Finally, even if, arguendo, these claims were not procedurally infirm, the Complaint utterly fails to state a claim. Plaintiff's allegations of age discrimination must be dismissed because the Complaint is devoid of allegations demonstrating that the City Defendants were motivated by discriminatory animus, and it fails to allege circumstances that give rise to an inference of discrimination. See Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015); see also Moore v. Verizon, No. 13-CV-6467 (RJS), 2016 U.S. Dist. LEXIS 16201 at *22 (S.D.N.Y. Feb. 5, 2016). Further, Plaintiff's generalized complaints of issues in the workplace are not protected activity under the ADEA, NYSHRL, or NYCHRL. See Garcia v. College of Staten Island, No. 11-CV-2252 (KAM)(LB), 2012 U.S. Dist. LEXIS 128485, at *25 – 27 (E.D.N.Y. Jul. 31, 2012) (citing Krasner v. HSH Nordbank AG, 680 F.Supp. 2d 502, 521-23 (S.D.N.Y. 2010)) (dismissing Title VII retaliation claims as Plaintiff's complaints of workplace violence were unrelated to any protected characteristic).

Accordingly, the Complaint should be dismissed with prejudice in its entirety. City Defendants respectfully request a pre-motion conference be held on a date and time available and convenient to the Court to discuss their proposed motion to dismiss as outlined above. Further, with City Defendants' anticipated motion, and given its fully-dispositive grounds, a stay of discovery is respectfully requested pending resolution of the motion. See In re Currency Conversion Fee Antitrust Litig., 2002 U.S. Dist. LEXIS 974 (S.D.N.Y. 2002). Thank you for your consideration of this request.

Respectfully Submitted,  
/s/  
Morgan Webber-Ottey  
Assistant Corporation Counsel

cc: Michael Ramsaroop (via ECF)
*Pro Se* Plaintiff

Ariana Antoinette Donnellan (via ECF)
*Attorney for UFT*

Chumi Rachel Diamond (via ECF)
*Attorney for UFT*