

**GEORGIA M. PESTANA**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALISON S. MITCHELL**
Phone: (212) 356-3514
amitchel@law.nyc.gov

August 21, 2021

**By ECF**
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Michael Ramsaroop v. The Department of Education of the City of New York et al.
              Civil Action No.: 20-Civ.-04947 (ER)
              Law Dept. No.: 2020-026844

Dear Judge Ramos:

      I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for Defendants the Board of Education of the City School District for the City of New York, operating as the New York City Department of Education of the City of New York ("DOE") and Principal Shirley Miller ("Miller") (collectively, "Defendants"), in the above-referenced matter. I submit this surreply on behalf of Defendants in opposition to Plaintiff's surreply letter dated August 12, 2021. *See* ECF Dkt. No. 45.

**Plaintiff's Discrimination Claims are Barred by Collateral Estoppel**

      Plaintiff argument that his claims are not barred because neither the arbitrator nor New York State Supreme Court analyzed federal laws in rendering their decisions lacks merit as Defendants assert issue preclusion not claim preclusion. Defendants maintain that certain factual issues were necessarily decided adversely to Plaintiff in the 3020-a decision and the New York State Supreme Court review of the same. Those adverse factual determinations are detrimental to the claims Plaintiff now raises. Although Plaintiff can assert First Amendment, Due process, and 14th Amendment Claims, which were not raised in the state court Article 75 proceeding, he will not be able to prevail on those claims owing to the factual issues already decided.

      Additionally, a "Section 3020-a hearing is a quasi-judicial administrative action whose findings are entitled to preclusive effect" *Burkybile v. Bd. of Educ.*, 411 F.3d 306, 308 (2d Cir. 2005) (internal citation omitted). Thus, Plaintiff incorrectly states the law from *Portelos v. Hill, et al.* In that case the Court stated that a hearing officer's determination could have preclusive

effect if there was a full and fair opportunity to litigate and the factual question at issue was reached. *Portelos v. City of N.Y.*, No. 12-CV-3141 (LDH) (VMS), 2016 U.S. Dist. LEXIS 200752 at * 13 (E.D.N.Y. Aug. 13, 2016). Here Plaintiff not only had a full and fair opportunity to litigate the factual issue, did in fact litigate the factual issue, but also the decision was reviewed by a State Supreme Court Justice and upheld. Thus, the instant matter is distinguishable from *Portelos* on multiple grounds, particularly judicial review.

In the instant action Plaintiff's claims are premised on the same factual issues that were at the core of, and decided by, the 3020-a hearing and Article 75 decision. These facts were essential to the court's holding that the DOE had not acted arbitrarily or capriciously and had a "rational basis" for Plaintiff's termination.

Plaintiff also fails to controvert the reality that he was "afforded full and fair opportunity to present oral and written evidence, to examine and cross-examine witnesses, and to otherwise set for [sic] their respective positions, arguments and proofs. *See* Article 75 Decision annexed to Mitchell Decl. as Exhibit "C" at page 3. Consequently, Plaintiff's discrimination claims are collaterally estopped due to factual findings in plaintiff's Section 3020-a hearing and the state court's Article 75 review. *Mohammed v. N.Y.C. Dep't of Educ.*, 932 F.Supp.2d 420, 428 (E.D.N.Y. 2013). Accordingly, Plaintiff cannot prevail on First Amendment, Due process, and 14th Amendment Claims, which were not raised in the state Article 75 proceeding, as the factual basis of those claims has already been decided. In that all factual allegations in the Amended Complaint have already been decided against Plaintiff cannot be re-litigated and must be dismissed.

Plaintiff also incorrectly asserts that probable cause rather than rational basis is the standard to be in a state Article 75 review of a 3020-a determination. As noted in Defendants' Reply, in an Article 75 proceeding, a New York State Supreme Court must determine whether the agency "acted illegally or capriciously or adopted a professional opinion not founded on a *rational basis*." *Altieri v. City of N.Y. Civ. Serv. Comm'n*, 57 A.D.3d 248, 249 (1st Dep't 2008) (emphasis added).

**Plaintiff Offers No Basis to Vacate the Hearing Officer's Opinion and Award**

Plaintiff states that the holding in Matter of *Giscombe v NY City Dept. of Educ.*, 2014 NY Slip Op 31534[U] (Sup Ct, NY Co. 2014) is "untrue" but fails to controvert the holding other than stating what he believes the DOE "should have" done. Plaintiffs displeasure with court's ruling does not change the validity of that ruling. There is no requirement that the Board of Education hold a majority vote; "[T]his argument has already been cast aside by other trial courts in recent years." *Pina-Pena v. N.Y.C. Dept. of Educ.*, 2014 N.Y. Misc. LEXIS 1630, at *10 (Sup. Ct. N.Y. Cty. 2014) (citations omitted) see also *Munoz v. Vega*, 303 A.D.2d 253, 253-54 (1st Dep't 2003).

Plaintiff Continued Reliance on *Cardinale* is Misplaced. As asserted in Defendants Reply Memorandum of Law, the *Cardinale* court did not find a due process violation owing to a failure to vote in an Executive Session as to the existence of probable cause for bringing a 3020-a disciplinary hearing. Rather, that court found that DOE failed to provide evidence that former

Chancellor Carmen Fariña delegated her authority to prefer charges against tenured teachers pursuant to Education Law § 2590. In this matter such evidence has been presented. *See* Letter of Delegation from Carmen Fariña to Principals of DOE High Schools, dated January 4, 2014, annexed to the Declaration in Further Support of Defendants' Motion to Dismiss of Alison S. Mitchell as Exhibit Ex. "A". Thus, Plaintiff fails to assert any cognizable due process violation but simply reasserts, without and supporting authority, that *Cardinale* is ruled that delegation could not occur. As explained above, the wealth of cases reflect that the Chancellor can delegate and the evidence in this matter is that the Chancellor did delegate. Accordingly, Plaintiff's claims cannot prevail and must be dismissed.

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss in its entirety, dismiss all of the claims with prejudice, and grant such other and further relief as the Court deems just and proper.

I thank the Court for its attention to this matter.

Respectfully Submitted,

Alison S. Mitchell
Assistant Corporation Counsel

TO: Michael Ramsaroop (via ECF)
Plaintiff *Pro Se*
111-12 103rd Avenue
South Richmond Hill, NY 11419
Tel: 718-340-8401
michrmsr@earthlink.net

3