

|                              | **T**HE **C**ITY OF **N**EW **Y**ORK |                              |
|------------------------------|--------------------------------------|------------------------------|
| **HON. SYLVIA O. HINDS-RADIX** | **LAW DEPARTMENT**                 | **LAUREN A. ROSENFELD**      |
| *Corporation Counsel*        | 100 CHURCH STREET                    | *Assistant Corporation Counsel* |
|                              | NEW YORK, NY 10007                   | Phone: (212) 356-3574        |
|                              |                                      | Lrosenfe@law.nyc.gov         |

**BY ECF**                                                              March 22, 2022

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

          Re:   Ramsaroop v. The Department of Education of The City of New York,
                 20-cv-4947 (ER)

Dear Judge Ramos:

      I am an Assistant Corporation Counsel in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for the Department of Education of The City of New York ("DOE" or "Defendant") in the above-referenced matter. Plaintiff pro se was terminated as a DOE teacher in June 2017 for incompetent teaching performance. This Court dismissed plaintiff's First Amended Complaint, Dkt. No. 38, ("FAC"). See Opinion & Order, Feb. 8, 2022, Dkt. No. 49 ("Order"). As set forth herein, plaintiff's Second Amended Complaint, Dkt. No. 50, ("SAC") has failed to cure the deficiencies the Court alerted him to. The SAC is a virtual copy of the FAC. Compare, e.g., FAC ¶¶ 13-35 with SAC, ¶¶ 13-35. Accordingly, pursuant to the Court's Individual Rules, defendant writes to respectfully request a pre-motion conference to discuss a motion to dismiss with prejudice.

**Summary of Plaintiff's Second Amended Complaint**

      Plaintiff was a DOE teacher at the Academy of Hospitality and Tourism ("Academy") from September 2008 to his termination in June 2017. SAC, ¶¶ 15, 32. It is difficult to decipher the SAC, but the SAC purports to allege claims under the First Amendment and violation of equal protection on the basis of race (unspecified), national origin (unspecified) and age ("over 50"). SAC, ¶¶ 1, 84. Plaintiff also alleges a Fourteenth Amendment liberty interest stigma plus claim, SAC, ¶ 1, and age discrimination under the Age Discrimination in Employment Act ("ADEA"), as well as the New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law ("NYSHRL"), SAC, ¶ 1.

      The SAC contends that in 2014, Principal Breier suggested Plaintiff use averaging in order to assess the grades of plaintiff's students, which plaintiff refused to do, and this refusal led to a letter for insubordination as well as a purportedly "false" job performance rating. SAC, ¶ 16. The SAC contends that plaintiff grieved this letter and rating, and won that grievance, but was

subsequently terminated on other grounds. SAC, ¶¶ 17, 50. Plaintiff contends this is a basis for his First Amendment claim. SAC, ¶ 48. He further claims a First Amendment violation occurred when he was fired after an Education Law § 3020-a hearing regarding his poor teaching performance, ostensibly because the arbitrator who reached that decision lacked subject matter jurisdiction. SAC, ¶ 37-39. The SAC, however, acknowledges that the New York State Supreme Court also upheld his termination. SAC, ¶ 38.

The SAC also claims that March of 2015, plaintiff filed for a study sabbatical which was not approved initially, but was later approved, and plaintiff further contends that he was forced to sign a letter regarding 3020-a charges "under duress," in connection with his sabbatical application. SAC, ¶¶ 19-21; FAC, ¶¶ 19-21. Plaintiff acknowledges that he had been charged under 3020-a, although he does not offer specifics on the charges. SAC, ¶ 26; FAC, ¶ 26. He also admits he stipulated to a guilty finding and was fined $7000, but he conveniently claims that he made this admission only under "duress" – all while admitting he was represented by an attorney when he signed this stipulation. SAC, ¶ 26; FAC, ¶ 26.

Finally, plaintiff contends that after his sabbatical, he was reassigned to PS007 while additional 3020-a charges, pertaining to his teaching performance, were pending. SAC, ¶¶ 27, 31; FAC, ¶¶ 27, 31. In February and March of 2017, a 3020-a hearing occurred. Ultimately, the arbitrator recommended termination and plaintiff was terminated. SAC, ¶¶ 31-32, FAC, ¶¶ 31-32 Plaintiff unsuccessfully appealed his termination via Article 75. SAC, ¶¶ 33, 35; FAC, ¶¶, 33, 35.

**Basis for Dismissal of the Second Amended Complaint**

Plaintiff's First Amendment claim should be dismissed because plaintiff fails to remedy the deficiencies in his FAC and solely offers conclusory statements. As Your Honor held in resolving defendant's prior motion, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." Order, at 16 (citing and quoting Garcetti v. Ceballos, 547 U.S. 410, 421 (2006)). Your Honor also stated plaintiff's "conclusory allegations do not come close to establishing that he was speaking on a matter of public concern" and "[plaintiff] was speaking about a matter regarding his employment and has not otherwise explained how this is a matter of public concern." Order at 16, 17. In an attempt to remedy the defects of his FAC, in plaintiff's SAC he claims "he spoke as a citizen" and his "advocacy was separate and apart from any of his job responsibilities." SAC at ¶ 50. This conclusory claim is insufficient to establish he was speaking as a citizen and plaintiff does not attempt to claim that grades are not part of his duties as a teacher. See id., at 16 - 17 (discussing and dismissing this claim on the basis of insufficient allegations that plaintiff was speaking as a citizen).

Additionally, plaintiff's Fourteenth Amendment equal protection claims fail because he fails to state a claim for discrimination. Plaintiff claims he was discriminated against due to his race, age, and national origin yet solely makes a conclusory statement which is insufficient. See SAC at ¶ 62. This Court dismissed the discrimination claims in the FAC on this basis, see Order, at 12, and plaintiff has again failed to plead facts giving rise to an inference of discrimination in the SAC. He has instead virtually copied the FAC. Plaintiff also claims his Fourteenth Amendment rights were violated due to and the supposed fraudulent selection of the arbitrator. As Your Honor

held, plaintiff "is not entitled to a … selection of an arbitrator." Order at 13. Plaintiff's SAC fails to state a Fourteenth Amendment claim.

Plaintiff's stigma plus claim must be dismissed. In order to state a claim for stigma plus, plaintiff would have to prove, inter alia, that "[t]he defamatory statement must be sufficiently public to create or threaten a stigma." Arroyo v. Dep't of Educ., 2020 U.S. Dist. LEXIS 141426, at *33-34 (S.D.N.Y. Aug. 6, 2020) (citation omitted). The alleged problem code pertains to an internal record of the DOE, and is not made public to potential employers. See Arroyo, supra, 2020 U.S. Dist. LEXIS 141426, at *35, citing White v. City of N.Y., 2014 U.S. Dist. LEXIS 123255, at *13 (S.D.N.Y. Sep. 3, 2014) ("Plaintiff fails to allege facts indicating that the 'ineligible/inquiry' … list[ ] were public to future employers"). Since plaintiff failed to allege any defamatory statements were made public, his stigma plus claim fails.

Plaintiff claims age discrimination under the ADEA, SHRL, and CHRL. Plaintiff does not allege he filed a charge of discrimination with the EEOC under the ADEA, and such failure would be fatal to his claim, even were it otherwise viable. See Powell v. Delta Airlines, 145 F. Supp. 3d 189, n.5 (E.D.N.Y. 2015). Plaintiff's age discrimination claims are dismissible because, as this Court held, plaintiff's "allegations are conclusory and too speculative to survive a motion to dismiss." Order at 12. Here, as in the FAC, plaintiff makes conclusory statements regarding age discrimination, but offers no allegations suggesting discriminatory animus. It need only be added that plaintiff's state and local age claims are time-barred and barred for failure to file notice of claim.  Order, at 18 & 18 n.8.

Plaintiff's fifth cause of action confusingly references New York State Corrections Law Article 23A, but plaintiff fails to even suggest a law or legal theory that would connect a law regarding criminal offenses to the case at bar. See SAC at ¶¶ 95, 96. Therefore, these claims fail. Additionally, plaintiff fails to show any alleged constitutional violation was due to a municipal policy or custom, therefore fails to state a claim. See Davis v. City of N.Y., 75 F. App'x 827, 829 (2d Cir. 2003).

Lastly, plaintiff's claims should be dismissed with prejudice. Plaintiff is still unable to remedy the deficiencies after having the opportunity to file an amended complaint, review the Court's decision, and then file a second amended complaint.  His failure warrants dismissal with prejudice. See All-City Metal, Inc. v. Sheet Metal Workers' Int'l Ass'n Local Union 28, 2020 U.S. Dist. LEXIS 28468 (E.D.N.Y. Feb. 18, 2020).

Accordingly, defendant respectfully requests the opportunity for a pre-motion conference.

Respectfully submitted,
 */s/  Lauren A. Rosenfeld*
Lauren A. Rosenfeld
Assistant Corporation Counsel

**By ECF and First Class Mail**
cc: Michael Ramsaroop (By ECF, and by First Class Mail (with cases enclosed in mail))