20-CV-4947 (ER)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL RAMSAROOP,

                                                            Plaintiff,

                              -against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,

                                                            Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**HONORABLE SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for the Defendant
100 Church Street, Room 2-122
New York, New York 10007
*Of Counsel:* Lauren A. Rosenfeld
*Tel.:* (212) 356-3574

## Table of Contents

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 4

    A.   Allegations in the SAC ............................................................................................ 4

    B.   Procedural History ................................................................................................... 5

    STANDARD OF REVIEW ................................................................................................ 7

    POINT I ............................................................................................................................. 8

       PLAINTIFF'S CLAIM OF DUE PROCESS, FIRST AMENDMENT VIOLATIONS AND
       SUPREMACY CLAUSE FAIL AS A MATTER OF LAW AND FAIL TO STATE A
       CLAIM ......................................................................................................................... 8

    POINT II ........................................................................................................................... 11

       PLAINTIFF FAILS TO STATE A CLAIM OF HOSTILE WORK ENVIRONMENT ...... 11

    POINT III .......................................................................................................................... 12

       PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT DUE PROCESS
       CLAIM IN CONNECTION WITH EITHER THE SELECTION OF THE ARBITRATOR
       OR PLAINTIFF'S HIS DISCIPLINARY HEARING .......................................................... 12

    POINT IV .......................................................................................................................... 14

       PLAINTIFF FAILS TO STATE A STIGMA PLUS CLAIM ............................................. 14

    POINT V ........................................................................................................................... 16

       PLAINTIFF'S FAILS TO STATE A CLAIM FOR DISCRIMINATION OR
       RETALIATION UNDER EITHER THE ADEA OR THE EQUAL PROTECTION
       CLAUSE ...................................................................................................................... 16

    POINT VII ......................................................................................................................... 18

       PLAINTIFF'S CLAIMS UNDER NEW YORK CITY ADMINISTRATIVE CODE 8-107,
       NYCHRL AND NYSHRL SHOULD REMAIN  DISMISSED ......................................... 18

    POINT VIII ....................................................................................................................... 19

       PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE ...................... 19

CONCLUSION ..................................................................................................................... 20

**Table of Authorities**

Armstrong v Exceptional Child Ctr., Inc., 575 US 32 (2015) ....................................................... 11

Arroyo v. Dep't of Educ., 2020 U.S. Dist. LEXIS 141426 (S.D.N.Y. Aug. 6, 2020) ........... 14, 15

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ............................................................................................ 7

Barrer-Cohen v. Greenburgh Cent. Sch. Dist., 2019 U.S. Dist. LEXIS 127555 (S.D.N.Y. July 30,

2019) ............................................................................................................................................. 15

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........................................................................... 7

Cardinale v. New York City Dept. of Educ., 85165/2017 (Sup. Ct. Richmond Cty. Mar. 29,

2018) ......................................................................................................................................... 6, 8, 9

Chavis v. Chappius, 618 F.3d 162 (2d Cir. 2010) ........................................................................ 17

Ciambriello v. County of Nassau, 292 F.3d 307 (2d Cir. 2002) ................................................... 13

Crisci-Balestra v. Civil Serv. Employees Ass'n. Inc., 2008 U.S. Dist. LEXIS 10870, 2008 WL

413812 (E.D.N.Y. Feb. 13, 2008) ............................................................................................... 19

DePrima v. City of N.Y. Dep't of Educ., 2014 U.S. Dist. LEXIS 37866 (E.D.N.Y. Mar. 20, 2014)

...................................................................................................................................................... 13

Epstein v. County of Suffolk, 2015 U.S. Dist. LEXIS 11307 (E.D.N.Y. Aug. 26, 2015)............ 12

Garcetti v. Ceballos, 547 U.S. 410 (2006) ..................................................................................... 9

Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98 (2d Cir. 2001) ............................ 9

Giglio v. Dunn,  732 F.2d 1133 (2d Cir. 1984) ........................................................................... 15

Green v. Dep't. of Educ., 2019 U.S. Dist. LEXIS 127545 (S.D.N.Y. July 31, 2019)................. 15

Harris v. Bd. of Educ., 230 F.Supp. 3d 88 (E.D.N.Y. 2017) ....................................................... 18

Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877 (2d Cir. 1996) 13

Henriquez-Ford v. Council of Sch. Supervisors & Adm'rs., 2016 U.S. Dist. LEXIS 1681

(S.D.N.Y. Jan. 7, 2016) ............................................................................................................... 19

Isbell v. City of New York, 316 F. Supp. 3d 571 (S.D.N.Y. 2018)................................................ 12

Konteye v. New York City Dept. of Educ. et al., 17-CV-2876 (GBD) (RWL), 2019 U.S. Dist.

    LEXIS 62794 (S.D.N.Y. Apr. 10, 2019)................................................................................ 18

Lopez v. N.Y.C. Dep't of Educ., 2020 U.S. Dist. LEXIS 133548 (S.D.N.Y. July 28, 2020)....... 18

Lucente v. IBM, 310 F.3d 243 (2d Cir. 2002) ............................................................................... 19

McKeefry v. Town of Bedford, 2019 U.S. Dist. LEXIS 207874 (S.D.N.Y. Dec. 2, 2019) ......... 11

Odermatt v. New York City Dept. of Educ., 694 F. App'x 842 (2d Cir. 2017)............................... 9

Ramsaroop v. The New York City Board/Department of Education, 100918/17, (NY County

    2018)...................................................................................................................................... 16

Ruffolo v. Oppenheimer & Co., 987 F.2d 129 (2d Cir. 1993)....................................................... 19

Ruotolo v City of N.Y., 514 F3d 184 (2d Cir 2008)...................................................................... 10

Segal v. City of N.Y., 459 F.3d 207 (2d Cir. 2006)....................................................................... 15

Shands v. Lakeland Cent. Sch. Dist., 2018 U.S. Dist. LEXIS 112006 (S.D.N.Y. July 5, 2018).. 16

Shelton v. Trs. of Columbia Univ., 236 F. App'x 648 (2d Cir. 2007)........................................... 19

Siclari v. New York City Dep't of Educ., No. 19-CV-7611 (AJN), 2020 WL 7028870 (S.D.N.Y.

    Nov. 30, 2020)...................................................................................................................... 17

Sotomayor v. City of N.Y., 862 F. Supp. 2d 226 (E.D.N.Y. 2012)............................................... 16

Spires v. Metlife Grp., Inc., 2019 U.S. Dist. LEXIS 160181 (S.D.N.Y. Sep. 18, 2019)............. 17

Velez v. Levy, 401 F.3d 75 (2d Cir. 2005) .................................................................................... 14

Weintraub v Bd. of Educ., 593 F3d 196 (2d Cir.), cert. denied, 562 U.S. 995 (2010) ................ 10

White v. City of N.Y., 2014 U.S. Dist. LEXIS 123255 (S.D.N.Y. Sep. 3, 2014) ........................ 14

Wilson v. City of New York, 2020 US Dist LEXIS 175790 (E.D.N.Y. Sep. 24, 2020) ............. 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

MICHAEL RAMSAROOP,

                                        Plaintiff,

              -against-                                          20-CV-04947 (ER)

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,

                                        Defendant.
----------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

Defendant, the Department of Education of the City of New York ("DOE") ("defendant"), submits respectfully this memorandum of law in support of its motion to dismiss the Second Amended Complaint ("SAC") with prejudice.  Despite having the benefit of this Court's prior decision, which dismissed in its entirety his First Amended Complaint ("FAC") and allowed him to replead only certain claims, plaintiff has again failed to produce a viable complaint. He has, instead, defied the Court's instructions and repled claims that were dismissed with prejudice and, in other instances, even when he has added proposed new claims, he has merely repeated the deficiencies that led that Court to dismiss claims on the FAC.  The most basic flaw is that the SAC consists of conclusory allegations, and should be dismissed.

Plaintiff Michael Ramsaroop is a former teacher with the DOE. As the Second Amended Complaint ("SAC") reflects, plaintiff was the subject of disciplinary charges for incompetency during his employment and was afforded a hearing under New York Education Law § 3020-a ("3020-a hearing"). At the conclusion of the hearing, the arbitrator recommended termination, and the DOE terminated plaintiff's employment.  Plaintiff then appealed by filing an Article 75 Special

1

Proceeding in the New York State Supreme Court on July 7, 2017 which was dismissed on January 19, 2018.

Nevertheless, plaintiff now alleges that Defendant violated his First Amendment rights, his rights under the "Supremacy Clause," his Fourteenth Amendment due process rights, created a stigma-plus claim in violation of his Fourteenth Amendment liberty interest, discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA") and the Equal Protection Clause of the Fourteenth Amendment, discriminated against him on the basis of an unspecified race and national origin, created a hostile work environment for retaliatory and age-based reasons, and violated New York State and New York City Human Rights Laws ("SHRL" and "CHRL," respectively).

As set forth more fully below, plaintiff's claims are patently without merit, and the Second Amended Complaint should be dismissed with prejudice – in large part because the Court has already considered, and dismissed, many of plaintiff's claims, including some with prejudice.  For example, the Court has already determined that it would be futile for plaintiff to amend his due process claims, yet in the SAC plaintiff seeks to relitigate his contention that a vote of the full Board of Education was required to bring disciplinary charges against him.  Plaintiff's defiance of the Court's instructions should not be rewarded, particularly because the case that plaintiff relied on in his FAC filings, and relies on again, has since been explicitly overruled on this point.

Similarly, the Court has already held that plaintiff's SHRL and CHRL claims against the defendant DOE are time-barred and barred for failure to file notice of claim, yet plaintiff is again re-litigating these claims and ignoring that settled law.

The rest of the SAC fares no better and should also be dismissed with prejudice.  As discussed briefly above, and set forth in Point I, infra, Plaintiff's due process claim fails.

Additionally, plaintiff fails to remedy deficiencies from his FAC regarding a First Amendment claim, and his blithe claim that he was speaking as a citizen is insufficient. Plaintiff's newly-alleged Supremacy Clause claim is solely conclusory and ignores settled law holding that there is no private right of action under the Supremacy Clause.

As set forth more fully in Point II, infra, plaintiff fails to state a claim of hostile work environment under federal law because he fails to claim events are severe or pervasive enough to alter conditions of employment.

As set forth more fully in Point III, infra, plaintiff's additional Fourteenth Amendment due process claim fails because he had an adequate post-deprivation remedies including a 3020-a hearing and an Article 75 Special Proceeding.

Plaintiff's stigma plus claim fails, as shown in Point IV, because plaintiff does not plead there was any "publication." Additionally, plaintiff was afforded an adequate process to clear his name – i.e., the unsuccessful Article 75 proceeding plaintiff commenced subsequent to his termination.

As set forth in Point V, infra, plaintiff fails to state a claim under the ADEA and/or the Equal Protection Clause, because his allegations are conclusory.  Further, and fatal to his retaliation claim, plaintiff fails to claim he engaged in protected activity.

Moreover, even if plaintiff had properly pled his federal Constitutional claims – a point defendant does not concede – these claims would fail because plaintiff has failed to plead that the actions allegedly taken against him were because of a municipal policy or custom, as discussed in Point VI.

As set forth in Point VII, <u>infra</u>, plaintiff's SHRL and CHRL claims were previously dismissed due to untimeliness as well as a failure to file a notice of claim, and that holding should be maintained.

Lastly, plaintiff's claims should be dismissed with prejudice because he has had the opportunity to amend his complaint twice as well as the advantages being able to review this Court's Order. yet is still unable to state a claim.

In sum, and for all the foregoing reasons, the Second Amended Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS[1]

### A. Allegations in the SAC

Plaintiff commenced his employment with the DOE in 2001 as a high school earth science teacher and worked for the DOE until his termination in June 2017. <u>See</u> SAC at ¶¶ 14, 30. At the end of the 2013-2014 school year, plaintiff received direction from the school principal at the time regarding the way in which grades should be calculated. <u>See id.</u> at ¶ 16. When plaintiff failed to comply, he received a letter for insubordination. <u>See id.</u>

Plaintiff requested a one-year study sabbatical in 2015 and 2016 which was ultimately approved and he was on sabbatical beginning 2015. <u>See id.</u> at ¶¶ 19-21.

Separately, Plaintiff acknowledges that he was charged on June 4, 2015 and a hearing under New York Education Law § 3020-a was held in August of 2015. Plaintiff acknowledges that he

---

[1] This statement of facts is derived from the allegations in plaintiff's Second Amended Complaint herein (ECF Dkt. No. "50"). The material, non-conclusory allegations set forth therein are assumed to be true for the purposes of the motion to dismiss only. Where appropriate, this Statement of Facts has been supplemented by decisions in this case, and defendant has referenced the relevant docket entry numbers.

signed a stipulation admitting guilt to these charges and paid a fine of $7,000. See id. at ¶ 26. The charges involved time and attendance violations. Order at 3.

In September of 2016, plaintiff was notified 3020-a charges had been filed due to plaintiff's incompetence. See id. at ¶ 27. As the Court observed in its decision on defendant's motion to dismiss, the charges sought his termination and "allege[d] inadequate or ineffective lesson planning and execution and failure to implement directives and recommendations for pedagogical improvement and professional development." Order at 4.  As this Court previously noted, the hearing officer's "decision is 34 pages long and explains that the hearing was conducted across nine separate dates, and that parties had a full and fair opportunity to present oral and written evidence and examine witnesses."  Order at * 6. The hearing officer after the 3020-a hearing recommended plaintiff be terminated and in 2017 plaintiff was terminated. See id. at ¶¶ 31-32. Plaintiff claims he was placed on a problem code ("list"). See id. at ¶ 70. Plaintiff claims that without a vote by the Executive Session in the Panel for Educational Policy, the arbitrator did not have jurisdiction to address the charges of incompetence that had been filed against plaintiff. See id. at ¶ 39

Plaintiff challenged his termination in an Article 75 Special Proceeding, and the Honorable Arlene Bluth dismissed plaintiff's claims. See id. at ¶ 35.

**B.  Procedural History**

Plaintiff filed his Complaint on June 23, 2020. Dkt. No. 2. Plaintiff was given leave to amend his complaint and he filed his First Amended Complaint ("FAC") on May 6, 2021. See FAC, Dkt. No. 38.  Defendants moved to dismiss plaintiff's FAC. See MTD FAC, Dkt. No. 39. In its February 8, 2022 decision resolving defendants' motion to dismiss plaintiff's FAC, the Court

granted the motion in full and gave plaintiff an opportunity to amend his complaint and to, replead certain claims.  See Order at 22.

The Order expressly held, however, that plaintiff's claims against the DOE under the SHRL and the CHRL were barred by statute of limitations and plaintiff's failure to file notice of claim. Order, at * 22-24 & n.7, n.8.  Further, the Order dismissed plaintiff's age discrimination and equal protection claims because plaintiff's allegations were too conclusory and speculative to survive the motion.  Order, at *17.  The Order also rejected plaintiff's claims that his due process rights had been violated by alleged failure to have the DOE issue a probable cause vote before charging him, and by the alleged failure to allow him to select the arbitrator.  Order, at *18 (specifically rejecting plaintiff's reliance on Cardinale v. New York City Dept. of Educ., 85165/2017 (Sup. Ct. Richmond Cty. Mar. 29, 2018).  The Court explicitly held that plaintiff "is not entitled to a … selection of an arbitrator." Order at 13.  The Court also held that plaintiff's due process rights were not violated because he had received notice of the charges against him and had an opportunity to be heard.  Order, at *18.  Thus, plaintiff's due process claims were dismissed, with prejudice. Order, at *28.

The Court dismissed plaintiff's First Amendment retaliation claims because the FAC's "conclusory allegations d[id] not come to establishing that he was speaking on a matter of public concern" with respect to his grievance, and "ha[d] not sufficiently alleged that he was speaking as a private citizen on a matter of public concern."  Order, at * 21-22.

Plaintiff's principal, Shirley Miller, was previously a defendant in this case, but the Court dismissed claims against Miller and stated it would be futile to amend certain claims against her. See Order at 22. The SAC does not name Miller as a defendant.  See SAC, caption.

## **ARGUMENT**

## **STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully…[and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief,'" and must, therefore, be dismissed. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557, 570 ("[b]ecause the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed"). If a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, then the pleader has not demonstrated that he is entitled to relief and the action is subject to dismissal. See Iqbal, 556 U.S. at 678-79. Further, courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and need not accept as true any conclusory allegations. Id. at 678, 681 (quoting and citing Twombly, 550 U.S. at 554-55).

### POINT I

### PLAINTIFF'S CLAIM OF DUE PROCESS, FIRST AMENDMENT VIOLATIONS AND SUPREMACY CLAUSE FAIL AS A MATTER OF LAW AND FAIL TO STATE A CLAIM____

In plaintiff's first cause of action, plaintiff claims that the defendant violated his due process rights under the Fourteenth Amendment, as well as his alleged First Amendment and the Supremacy Clause rights. As outlined below, each claim fails.

#### A.  Due Process Claim Fails

First, plaintiff claims that without a vote by the Executive Session in the Panel for Educational Policy, the arbitrator did not have jurisdiction to address the charges of incompetence that had been filed against plaintiff. See SAC at ¶ 39.  In this Court's Order dismissing plaintiff's FAC, the Court held plaintiff's due process rights were not violated by this alleged failure, that an executive session vote to establish probable cause was not necessary and, accordingly, dismissed plaintiff's due process claims. See Order at 12-13. Further, this claim was specifically dismissed with prejudice, because the Court determined it would be futile for plaintiff to replead it.  Order, at *18, *28.

Plaintiff ignored the Court's Order, and attempts to relitigate this claim in his SAC.  He not only failed to add sufficient support as to why an executive session vote was necessary, but plaintiff also heavily relied on the case Cardinale v. New York City Dept of Education (Sup. Ct. Richmond Cnty. 2018) which was expressly overturned on April 27, 2022 on this very point. In the Cardinale case, the Appellate Division determined,

> the absence of a vote on probable cause by the "employing board" did not deprive the hearing officer of the jurisdictional authority to hear and determine the underlying disciplinary charges. Rather, as the hearing officer determined, the Chancellor was vested with the authority "[t]o exercise all of the duties and responsibilities of the

8

employing board as set forth in" and with the authority to "delegate
the exercise of all such duties and responsibilities"

Rosalie Cardinale v. New York City Department of Education, 85165/2017 (App. Div. 2d Dep't,

Feb. 2022) (citations omitted).

In sum, this Court had previously rejected plaintiff's reliance on the trial court's decision

in Cardinale, and now the Appellate Division has reached the same conclusion and also held that

an Executive Sessions was not required to bring disciplinary charges.  Thus, as this Court

determined regarding plaintiff's FAC, plaintiff's SAC claim regarding the arbitrator's jurisdiction

should be dismissed.

B.  First Amendment Retaliation Claim Fails

Plaintiff also makes a First Amendment retaliation claim but his claim should be dismissed

because he solely offers conclusory statements and fails to remedy the deficiencies from his FAC.

In order to state a First Amendment claim a public employee must establish "(1) that the speech

or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff,

and (3) that there was a causal connection between the protected speech and the adverse action."

Odermatt v. New York City Dept. of Educ., 694 F. App'x 842, 845 (2d Cir. 2017) (quoting Garcia

v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 106-07 (2d Cir. 2001)). The speech

plaintiff seems to be referring to is his speaking out regarding grades.

As the Court held in resolving defendant's prior motion, "when public employees make

statements pursuant to their official duties, the employees are not speaking as citizens for First

Amendment purposes." Order at 16 (citing and quoting Garcetti v. Ceballos, 547 U.S. 410, 421

(2006)). The Court also held plaintiff's "conclusory allegations do not come close to establishing

that he was speaking on a matter of public concern" and "[plaintiff] was speaking about a matter

regarding his employment and has not otherwise explained how this is a matter of public concern." Order at 16, 17.

In an unavailing attempt to remedy the defects of his FAC, in plaintiff's SAC he claims "he spoke as a citizen" and his "advocacy was separate and apart from any of his job responsibilities." SAC at ¶ 50. Plaintiff spoke regarding grades and grades are part of the job responsibility and duties of a teacher. Plaintiff's conclusory claim is insufficient to establish he was speaking as a citizen and plaintiff does not attempt to claim that grades are not part of his duties as a teacher. See Order at 16 - 17 (discussing and dismissing this claim on the basis of insufficient allegations that plaintiff was speaking as a citizen). Plaintiff's convenient claim that he spoke as a citizen is plainly insufficient, given that the Second Circuit has expressly held that "[a] public employee may not transform a personal grievance into a matter of public concern by invoking a supposed popular interest in the way public institutions are run." Ruotolo v City of N.Y., 514 F3d 184, 190 (2d Cir 2008) (internal quotation and citation omitted).

In a closely-analogous case to the instant facts, the Second Circuit held that a teacher's grievance challenging the school's refusal to discipline a student who threw a book at the teacher was not First Amendment protected speech because the "grievance was in furtherance of one of his core duties as a public school teacher, maintaining class discipline, and had no relevant analogue to citizen speech." Weintraub v Bd. of Educ., 593 F3d 196 (2d Cir.), cert. denied, 562 U.S. 995 (2010). So, too, plaintiff's instant complaints about the alleged grading policy relate to his core duties as a teacher. It need only be added that plaintiff's First Amendment claim, to the extent it is based on his alleged 2014 complaints about grading policy, is time-barred, even were it otherwise viable. Plaintiff did not file the instant action until June 23, 2020 – far beyond the

three-year limitations period. See McKeefry v. Town of Bedford, 2019 U.S. Dist. LEXIS 207874, at *27 (S.D.N.Y. Dec. 2, 2019).

C.  Supremacy Clause Claim Fails

Lastly, plaintiff attempts to claim he has no adequate remedy at law for the deprivation of his rights as secured by the Supremacy Clause but fails to state a claim and solely makes conclusory statements about any potential Supremacy Clause claim. See SAC at ¶ 59.  The Supremacy Clause mandates that the United States Constitution is the "supreme law of the land." U.S. Const., Art. VI, Cl. 2.  Plaintiff's SAC fails to clarify what actions defendant took that somehow violated this clause.  See SAC, ¶ 59.  Moreover, the United States Supreme Court has held that it is "apparent that the Supremacy Clause is not the source of any federal rights, and certainly does not create a cause of action. It instructs courts what to do when state and federal law clash, but is silent regarding who may enforce federal laws in court."  Armstrong v Exceptional Child Ctr., Inc., 575 US 320, 324-325 (2015) (internal quotations and citations omitted).  As such, plaintiff cannot credibly contend that he states a claim under the Supremacy Clause.

**POINT II**
**PLAINTIFF FAILS TO STATE A CLAIM OF**
**HOSTILE WORK ENVIRONMENT _____**

Plaintiff blithely alleges a hostile work environment claim due to plaintiff's age and retaliatory animus. See SAC at ¶ 19, 45.[2] Plaintiff fails to state a hostile work environment claim and does not support his claim with factual allegations that reach the level of severe or pervasive. To adequately plead a claim for a hostile work environment "a plaintiff must include facts plausibly demonstrating that the workplace is permeated with discriminatory intimidation,

---

[2] Plaintiff also alleges retaliation based on his "seniority" at the school, SAC, at ¶ 45, but he fails to explain why such a claim would not be an issue that could be resolved under the collective bargaining agreement.

ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Isbell v. City of New York, 316 F. Supp. 3d 571, 591 (S.D.N.Y. 2018) (internal citations omitted). "In the first part of this inquiry, to plead an abusive working environment, a plaintiff must satisfy both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." Id. (internal citations omitted). This requires that the incidents be "more than episodic." Id. The court "must consider the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. (internal citations omitted). Plaintiff provides insufficient details to support a hostile work environment claim. Similarly, to the extent the SAC can be read to allege claims of retaliatory hostile work environment, these claims also fail for lack of detail. See Epstein v. County of Suffolk, 2015 U.S. Dist. LEXIS 113079, *32 (E.D.N.Y. Aug. 26, 2015) (dismissing First Amendment retaliation claims on this basis).

**POINT III**

**PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT DUE PROCESS CLAIM IN CONNECTION WITH EITHER THE SELECTION OF THE ARBITRATOR OR PLAINTIFF'S HIS DISCIPLINARY HEARING**

In his so-called Second Cause of Action, plaintiff **yet again** claims his Fourteenth Amendment Due Process rights were violated, this time in connection with the selection of the

arbitrator. SAC, ¶ 63.[3]   The Court has specifically held that plaintiff "is not entitled to a … selection of an arbitrator." Order at 13.  See also Point I, supra (noting the Court's rejection of plaintiff's claim that the arbitrator lacked jurisdiction, and providing additional substantive reasons for that conclusion).

To the extent plaintiff's SAC can be read to claim that his due process rights were violated in connection with the disciplinary hearing that led to his termination, this claim also fails.

To state a § 1983 claim for an alleged violation of due process, a plaintiff must show that (1) he possessed a liberty, or property interest protected by the Constitution, or federal statutes; and, (2) he was deprived of that liberty or property interest without due process. See Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002). The Second Circuit has held that "the Due Process Clause of the Fourteenth Amendment is not violated even when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful post[-]deprivation remedy." See Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996), cert. denied, 521 U.S. 1140 (1997). "The availability of a post-deprivation Article 75 proceeding" is a meaningful post deprivation remedy, therefore "provides sufficient due process." DePrima v. City of N.Y. Dep't of Educ., 2014 U.S. Dist. LEXIS 37866, at *22 (E.D.N.Y. Mar. 20, 2014).

Here, plaintiff was availed of the procedures afforded to teachers under New York Education Law 3020, and thereafter unsuccessfully sought judicial review of the Hearing Officer's determination pursuant to CPLR Article 75. Plaintiff had full due process.

Indeed, this Court has already dismissed plaintiff's due process claim with prejudice, and noted that it would be futile for him to replead this claim.  Order, at *18, *28.  Plaintiff's

---

[3] Plaintiff also alleges he was discriminated against in violation of the Equal Protection Clause, and that claim is discussed in Point V, infra.

recalcitrance should be rejected particularly where, as this Court has already stated,  the parties to plaintiff's disciplinary proceeding "had a full and fair opportunity to present oral and written evidence and examine witnesses."  Order at 4.

## POINT IV
## PLAINTIFF FAILS TO STATE A STIGMA
## PLUS CLAIM _____

Plaintiff complains that he was placed on a problem code ("list") (SAC at ¶ 70), and alleges that the defendant violated the First Amendment under a stigma plus theory. As the Court explained in Arroyo v. Dep't of Educ., 2020 U.S. Dist. LEXIS 141426, at *33-34 (S.D.N.Y. Aug. 6, 2020), citing Velez v. Levy, 401 F.3d 75, 87 (2d Cir. 2005);

> The Second Circuit has determined that a plaintiff can bring a stigma plus claim, alleging that the stigma suffered amounts to a constitutionally recognized deprivation of liberty without due process, if she successfully 'allege[s] (1) the utterance of a statement about her that is injurious to her reputation, that is capable of being proved false, and that he or she claims is false, and (2) some tangible and material state-imposed burden . . . in addition to the stigmatizing statement.'… [t]he defamatory statement must be sufficiently public to create or threaten a stigma.

Plaintiff fails to satisfy any of these requirements.

First, plaintiff does not have a stigma plus claim because the alleged problem code pertains to an internal record of the DOE, and is not made public to potential employers. See Arroyo, supra, 2020 U.S. Dist. LEXIS 141426, at *35, citing White v. City of N.Y., 2014 U.S. Dist. LEXIS 123255, at *13 (S.D.N.Y. Sep. 3, 2014) ("[B]ecause Plaintiff fails to allege facts indicating that the 'ineligible/inquiry' . . . list[ ] were public to future employers, she fails to state a 'stigma plus' claim").

Second, plaintiff does not have a cognizable claim because what he is complaining of is the fact that defendant's internal records accurately reflect the fact that plaintiff was, "was barred from applying for or working per session activities, after school activities, or coaching activities." See SAC at ¶ 22. Even construing this as a stigma plus claim, Plaintiff has not pled any facts suggesting defendant "made false and stigmatizing statements about [him]," pertaining to his ability to pursue his profession.  See Segal v. City of N.Y., 459 F.3d 207, 212 (2d Cir. 2006).

Third, many courts have held that having a code placed in DOE internal records is insufficient to state a stigma plus claim. See Arroyo v. Dep't of Educ., 2020 U.S. Dist. LEXIS 141426, at *34 (S.D.N.Y. Aug. 6, 2020), Green v. Dep't. of Educ., 2019 U.S. Dist. LEXIS 127545 at *10-11 (S.D.N.Y. July 31, 2019), Adams v. N.Y. State Educ. Dep't., 752 F. Supp. 2d 420 at 454-55 (S.D.N.Y. 2010).

In any event, even if plaintiff had a stigma plus claim, his claim fails because he was afforded an adequate process to clear his name. See id. An "Article 78 hearing provides plaintiff with the necessary mechanism to clear her name with a low risk of an erroneous deprivation." Barrer-Cohen v. Greenburgh Cent. Sch. Dist., 2019 U.S. Dist. LEXIS 127555, at *26 (S.D.N.Y. July 30, 2019).

The Second Circuit has long held that the availability of an Article 78 proceeding means that plaintiff is not deprived of due process "simply because he failed to avail himself of the opportunity."  Giglio v. Dunn,  732 F.2d 1133, 1135 (2d Cir. 1984), cert. denied, 469 U.S. 932 (1984).  Moreover, in the case at bar, plaintiff filed an Article 75 petition and therefore, he had a chance to clear his name. The weak nature of his stigma plus claim is amplified by the fact that the New York County Supreme Court dismissed his Article 75 petition and upheld the termination of

his employment. <u>See</u> <u>Ramsaroop v. The New York City Board/Department of Education</u>, 100918/17, (NY County 2018).

**POINT V**

**PLAINTIFF'S FAILS TO STATE A CLAIM
FOR DISCRIMINATION OR RETALIATION
UNDER EITHER THE ADEA OR THE EQUAL
PROTECTION CLAUSE**

**A.  ADEA Discrimination Claims Fail**

In its decision regarding the motion to dismiss the FAC, the Court determined plaintiff failed to adequately plead a claim under ADEA and the Equal Protection Clause, as well as under the SHRL and CHRL, because the allegations were conclusory and too speculative. Order at 12. In the SAC, his claim remains conclusory and speculative, therefore must be dismissed.

"Under … the ADEA … plaintiff can establish a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she is qualified for her position and was satisfactorily performing her duties; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." <u>Sotomayor v. City of N.Y.</u>, 862 F. Supp. 2d 226, 253 (E.D.N.Y. 2012).  The same standard applies under the Fourteenth Amendment's Equal Protection Clause. <u>See</u> <u>Shands v. Lakeland Cent. Sch. Dist.</u>, 2018 U.S. Dist. LEXIS 112006, at *32 (S.D.N.Y. July 5, 2018).

Plaintiff fails to state a claim under the ADEA of age discrimination. Plaintiff solely states he is over 50 years and makes conclusory statements. <u>See</u> SAC at ¶ 85. Plaintiff states he was treated differently in comparison to younger teachers but fails to state any necessary specifics, including the names of potential comparators. <u>See</u> <u>id.</u> In addition, plaintiff makes the conclusory claim that,  "[b]ut for Plaintiff's reporting of school grade scrubbing, violence and his age, he would not have been terminated." <u>See</u> SAC at ¶ 86. While plaintiff makes this claim, he has failed

16

to allege enough details to adequately show age was a but for factor and that any alleged comparators were similarly situated. See, e.g., Siclari v. New York City Dep't of Educ., No. 19-CV-7611 (AJN), 2020 WL 7028870, at *7 (S.D.N.Y. Nov. 30, 2020) ("The amended complaint does allege that younger teachers did not receive poorly rated observations, but it provides no other facts to support even the inference that those teachers were similarly situated such that Plaintiff's contrary experience was due to or because of her age."); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Moreover, plaintiff contradicts himself in paragraph 88 of the SAC because he alleges that age was the sole motivation for the actions taken against him, and thus undercuts any claims of First Amendment retaliation, as well as any claims of other forms of discrimination. In any event, he SAC's allegations are insufficient to state an age discrimination claim. See Spires v. Metlife Grp., Inc., 2019 U.S. Dist. LEXIS 160181 (S.D.N.Y. Sep. 18, 2019).

### B. Fourteenth Amendment Discrimination Claims Fail

Additionally, plaintiff's Fourteenth Amendment equal protection claims fail. Plaintiff claims he was discriminated against due to his race, age, and national origin yet solely makes a conclusory statement which is insufficient. See SAC at ¶ 62. Plaintiff sets forth that he is over 50 years of age but fails to even identify his race and national origin. See SAC generally.

This Court dismissed the discrimination claims in the FAC on this basis, see Order, at 12, and plaintiff has again failed to plead facts giving rise to an inference of discrimination in the SAC. He has instead virtually copied the FAC. Courts hold that conclusory claims of discrimination are insufficient to withstand a motion to dismiss. See, e.g., Wilson v. City of New York, 2020 US Dist LEXIS 175790, at *10 (E.D.N.Y. Sep. 24, 2020).

**C. Retaliation Claims Fail**

Plaintiff's retaliation claims under the anti-discrimination laws fail because he does not allege he engaged in protected activity under these laws. Lopez v. N.Y.C. Dep't of Educ., 2020 U.S. Dist. LEXIS 133548 at *10 (S.D.N.Y. July 28, 2020) ("Plaintiff has not plausibly alleged that he engaged in protected activity under the ADEA because he has not provided any facts demonstrating that he believed that 'he was opposing an employment practice made unlawful by' the ADEA"). In the SAC, plaintiff fails to claim he was engaged in protected activity, therefore his claims should be dismissed.

**POINT VII**
**PLAINTIFF'S CLAIMS UNDER NEW YORK CITY ADMINISTRATIVE CODE 8-107, NYCHRL AND NYSHRL SHOULD REMAIN DISMISSED**

As this Court has already held, claims brought against the DOE under the SHRL and CHRL are subject to a one-year statute of limitations.  Order, at *23 & 24 n. 4.  See also N.Y. Educ. Law § 3813 (2-b); Konteye v. New York City Dept. of Educ. et al., 17-CV-2876 (GBD) (RWL), 2019 U.S. Dist. LEXIS 62794, at *25 (S.D.N.Y. Apr. 10, 2019); Harris v. Bd. of Educ., 230 F.Supp. 3d 88, 100 (E.D.N.Y. 2017). In June 2017 plaintiff was terminated from his position at the DOE, a 3020-a hearing then occurred on June 18, 2017, the Article 75 special proceeding was decided on January 19, 2018 and this action was brought on June 23, 2020. Therefore, plaintiff's SHRL and CHRL claims are untimely and must be dismissed. See Order at 18.

Additionally, this Court determined the NYCHRL and NYSHRL claims should be dismissed due to failure to serve a notice of claim which must be done within 90 days of claim accrual prior to commencing a lawsuit. See Order at 18. In plaintiff's SAC, he does not claim to

have filed a notice of claim or to have filed it within the proper timeframe, therefore plaintiff's State and City claims must be dismissed.

## POINT VIII
## PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Plaintiff had the opportunity to amend his complaint twice and had the advantages of an opinion and order from this Court laying out what plaintiff needed to claim in order to survive a motion to dismiss, yet his claims are still deficient. While plaintiff is pro se, plaintiff has now had two opportunities and he should not be granted leave to amend his complaint again. See Henriquez-Ford v. Council of Sch. Supervisors & Adm'rs., 2016 U.S. Dist. LEXIS 1681, at *5 (S.D.N.Y. Jan. 7, 2016) (plaintiff was not given the opportunity to amend claims in which a "liberal reading of the complaint" suggested she would be unable to state a claim), citing Crisci-Balestra v. Civil Serv. Employees Ass'n. Inc., 2008 U.S. Dist. LEXIS 10870, 2008 WL 413812, at *6 (E.D.N.Y. Feb. 13, 2008) (quoting Shelton v. Trs. of Columbia Univ., 236 F. App'x 648, 649 (2d Cir. 2007)). Allowing plaintiff to amend for a third time is unlikely to be productive. See Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002), citing Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend").

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Court grant the defendant's Motion to Dismiss the Second Amended Complaint in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
              May 18, 2022

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Room 2-122
New York, New York 10007
(212) 356-3574
lrosenfe@law.nyc.gov

By:    /s/ *Lauren A. Rosenfeld*
        Lauren A. Rosenfeld
        Assistant Corporation Counsel