20-CV-4947 (ER)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL RAMSAROOP,

                                             Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

                                             Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**HONORABLE SYLVIA O. HINDS-RADIX**

*Corporation Counsel of the City of New York*
Attorney for the Defendant
100 Church Street, Room 2-122
New York, New York 10007
*Of Counsel:* Lauren A. Rosenfeld
*Tel.*: (212) 356-3574

**PRELIMINARY STATEMENT**

Defendant, the Department of Education of the City of New York ("DOE") respectfully submits this reply to plaintiff's Opposition to defendant's Motion to Dismiss the Second Amended Complaint and in further support of its Motion to Dismiss the Second Amended Complaint. (Defendant's moving brief is referred to as "Def. Mem.").

As noted in defendant's moving papers, plaintiff worked for the DOE, was the subject of disciplinary charges for incompetency during his employment and was afforded a hearing under New York Education Law § 3020-a ("3020-a hearing") which resulted in his termination. Plaintiff then appealed by filing an Article 75 Special Proceeding in the New York State Supreme Court on July 7, 2017 which was dismissed on January 19, 2018.

Plaintiff's Second Amended Complaint ("SAC") alleges multiple claims, but plaintiff abandoned many of these claims by failing to oppose defendant's motion to dismiss on these points: plaintiff's rights under the "Supremacy Clause," discrimination on the basis of his age in violation of the Age Discrimination in Employment Act (ADEA) and the Equal Protection Clause of the Fourteenth Amendment, discrimination on the basis of race and national origin, hostile work environment and violations of New York State and New York City Human Rights Law. As discussed herein, caselaw holds that such failure is fatal to these claims.  Moreover, these claims would fail for the additional reasons set forth in defendant's moving papers.

Based on plaintiff's decision to stop litigating these claims, the claims that ostensibly remain at issue for this motion are: Fourteenth Amendment due process, First Amendment rights, and a stigma plus claim in alleged violation of plaintiff's Fourteenth Amendment liberty interest. But even with respect to these claims, plaintiff's opposition ("Pl. Opp.") failed to set forth any law or information that would allow these claims to survive this motion. Plaintiff's opposition ignores

this Court's prior rulings on many of these claims. The opposition also fails to address assertions made by the defendant and plaintiff failed to provide legal support for his arguments.

As such, and for the reasons set forth in defendant's original papers, as well as the additional reasons set forth below, defendant's motion to dismiss should be granted, and the SAC should be dismissed with prejudice.

## STATEMENT OF FACTS

For a full statement of the relevant facts, defendant respectfully refers the Court to defendant's Memorandum of Law in Support of their Motion to Dismiss the Second Amended Complaint, Dkt. No. 61.

## ARGUMENT

### POINT I

### THE COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY

**A.  Plaintiff's Due Process Rights Were Not Violated and This Court Previously Dismissed this Claim and Determined it Would be Futile for Plaintiff to Replead the Claim.**

Plaintiff continues to ignore this Court's February 8, 2022 Order ("Order") holding plaintiff's due process rights were not violated, that an executive session vote to establish probable cause was not necessary. See Order at 12-13. This claim was specifically dismissed with prejudice when this Court determined it would be futile for plaintiff to replead it. Order, at *18 and *28. Plaintiff claims, this Court and all court decisions prior to Rosalie Cardinale v. New York City Department of Education ignored a paragraph of § 250-h. This conclusory statement has no legal support and is a self serving analysis from plaintiff. See Pl. Opp. at 7, 8. Additionally, as defendant noted in its moving papers, the Cardinale Decision has been overturned, the Appellate Division reached the conclusion that an Executive Session was not required to bring disciplinary charges,

2

and plaintiff's argument has been repeatedly rejected by the courts. Rosalie Cardinale v. New York City Department of Education, 85165/2017 (App. Div. 2d Dep't, Feb. 2022). Plaintiff's opposition ignored all of the above.

Here, "[n]umerous state courts have interpreted these sections of the law as giving the Chancellor the authority to delegate the process of preferring charges against tenured teachers to the District Superintendent, who in turn may delegate that authority to local school principals." See Green v. Dep't of Educ., No. 18-CV-10817 (AT), 2019 U.S. Dist. LEXIS 127545, *13-14 (S.D.N.Y. July 31, 2019) (citing Pina-Pena v. New York City Dept. of Educ., 2014 N.Y. Misc. LEXIS 1630, *10 (Sup. Ct. N.Y. Cty. Apr. 4, 2014) (collecting cases)). Accordingly, plaintiff's claim that an Executive Session be held as a condition precedent to conducting a 3020-a proceeding is without merit and his due process, which depends on that claim, argument fails.

**B.    Plaintiff's First Amendment Claim Fails**

In plaintiff's opposition, he claims he has, "given sufficient facts for this Court to agree that he spoke out about a public concern, grading policy, and that his speech was protected." See Pl. Opp. at 14. Plaintiff continuously and conveniently claims he spoke on a public concern, but grades are a core duty as a public school teacher and therefore his speech is in furtherance of a core duty. See Def. Mem. at 10 (citing Weintraub v Bd. of Educ., 593 F3d 196 (2d Cir.), cert. denied, 562 U.S. 995 (2010)).

As this Court held in resolving defendant's prior motion, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." Order at 16 (citing and quoting Garcetti v. Ceballos, 547 U.S. 410, 421 (2006)). The Court also held plaintiff's "conclusory allegations do not come close to establishing that he was speaking on a matter of public concern" and "[plaintiff] was speaking about a matter

3

regarding his employment and has not otherwise explained how this is a matter of public concern." Order at 16, 17. In comparison to plaintiff's Amended Complaint, he has not added additional information in his SAC or Opposition that is sufficient to survive a motion to dismiss.

Plaintiff's grievance after receiving a disciplinary letter to file for insubordination (regarding his purported "refusal" to change student's grades), 3020-a proceeding, and subsequent Article 75 "is not a form or channel of discourse available to non-employee citizens." Weintraub v. Bd. of Educ., 593 F.3d 196, 204 (2d Cir. 2010), cert. denied, 131 S. Ct. 444 (2010). Thus, plaintiff's speech was not one of public concern and is not protected. Harris v. Bd. of Educ., 230 F. Supp. 3d 88, 102 (E.D.N.Y. 2017).

Plaintiff ostensibly relies on Anemone v. Metro. Transp. Auth., 629 F.3d 97 (2d Cir. 2011). See Pl. Opp., at 14. This reliance is mystifying, because in Anemone the Second Circuit affirmed the grant of defendant's summary judgment motion. In Anemone, a New York City employee in the position of Director of Security made comments to Queens District Attorney regarding suspicions of corruption and the Court found the comments and contact with the Queens DA were pursuant to plaintiff's official duties. See Anemone v. Metro. Transp. Auth., 629 F.3d 97 (2d Cir. 2011). Similarly, in the case at bar, plaintiff made comments regarding grades that were pursuant to his duties as a teacher.

Additionally, plaintiff fails to address defendant's assertion that his claim regarding 2014 complaints about grading policy is time-barred since this action was not filed until June 23, 2020, substantially beyond the three-year limitations period. See Def. Mem. at 10-11 (citing McKeefry v. Town of Bedford, 2019 U.S. Dist. LEXIS 207874, at *27 (S.D.N.Y. Dec. 2, 2019)). As such, plaintiff has abandoned any claims based on these alleged complaints. See Wilkov v.

4

Ameriprise Fin. Servs., 753 F. App'x 44, 46 n. 1 (2d Cir. 2018) (plaintiff's failure to oppose particular issues in opposition indicates an intention to abandon claims).

C.   **Plaintiff Fails to State a Stigma Plus Claim**

In order to bring a stigma plus claim, plaintiff must successfully "allege (1) the utterance of a statement about [him] that is injurious to her reputation, that is capable of being proved false, and that he or she claims is false, and (2) some tangible and material state-imposed burden . . . in addition to the stigmatizing statement.'… [and] [t]he defamatory statement must be sufficiently public to create or threaten a stigma." Arroyo v. Dep't of Educ., 2020 U.S. Dist. LEXIS 141426, at *33-34 (S.D.N.Y. Aug. 6, 2020), citing Velez v. Levy, 401 F.3d 75, 87 (2d Cir. 2005).

In plaintiff's SAC, his stigma plus claim alleges he "was barred from applying for or working per session activities, after school activities, or coaching activities." See SAC at ¶ 22. He at no point has pled facts suggesting defendant "made false and stigmatizing statements about [him], pertaining to his ability to pursue his profession." Def. Mem. at 15 (citing Segal v. City of N.Y., 459 F.3d 207, 212 (2d Cir. 2006). In plaintiff's opposition, he fails to address this assertion.

Plaintiff fails to provide any details, or even produce any allegations supporting his conclusory statement that his status on a problem code was published. While he offhandedly claims the problem code means "he could never again teach in the subject area he was skilled to teach," Pl. Opp. at 16, this is a conclusory statement with no support and no reasoning as to how an internal problem code bars plaintiff from working as a teacher. This conclusory statement is insufficient. Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F.3d 338, 344 (2d Cir. 2006) ("bald assertions and conclusory statements are insufficient at the pleading stage"). While plaintiff does claim a

5

problem code is released by unspecified people, Pl. Opp. at 16, he fails to even claim specifically that his own status with respect to having a problem code was published.

Defendant's asserted that the problem code is an internal record and is insufficient to state a stigma plus claim. See Def. Mem., at 15 (citing Arroyo v. Dep't of Educ., 2020 U.S. Dist. LEXIS 141426, at *34 (S.D.N.Y. Aug. 6, 2020), Green v. Dep't. of Educ., 2019 U.S. Dist. LEXIS 127545 at *10-11 (S.D.N.Y. July 31, 2019), Adams v. N.Y. State Educ. Dep't., 752 F. Supp. 2d 420 at 454-55 (S.D.N.Y. 2010)). Plaintiff ignored all this caselaw in his opposition and relied solely on declarations submitted in an unrelated case, see Pl. Opp. at 16 (referencing declarations from Kane v. De Blasio, No. 21-CV-7863, (S.D.N.Y.)). Moreover, the Kane case is currently pending and a determination has not been made. Additionally, Kane involves a challenge to the vaccine mandate, and there is no parallel stigma plus claim alleged there. Plaintiff fails to provide this Court with court decision or other authority supporting his claim and fails to oppose the multiple clear decisions cited by defendant holding that a DOE problem code is insufficient to state a stigma plus claim. As such, plaintiff has failed to support his stigma plus claim and it should be dismissed.

Even if plaintiff had adequately alleged external publication of his "problem code," his stigma plus claim would still fail. Plaintiff failed to even address the assertion by defendant that plaintiff was afforded adequate process to clear his name via an Article 75 proceeding. See Def. Mem. at 15. As discussed more fully below, this failure alone is fatal to his claim.

## POINT II

### PLAINTIFF EFFECTIVELY ABANDONS MULTIPLE CLAIMS BY IGNORING DEFENDANT'S ASSERTIONS

In plaintiff's opposition, he ignored defendant's assertions regarding his claims of hostile work environment (Def. Mem. at Point II), discrimination and retaliation under ADEA as well as retaliation under the equal protection clause (Def. Mem. at Point V), and claims under New York City Code 8-107, NYCHRL and NYSHRL (Def. Mem. at Point VII). See generally Pl. Opp.

Plaintiff's failure to respond to defendant's assertions listed above, provides the Court with an additional basis to dismiss the claims, namely that they have been abandoned. Caselaw supports dismissal on this basis. See e.g., Wilkov v. Ameriprise Fin. Servs., 753 F. App'x 44, 46 n. 1 (2d Cir. 2018) (plaintiff's failure to oppose particular issues in opposition indicates an intention to abandon claims); Ross v. Port Chester Hous. Auth., 17 Civ. 4770 (NSR), 2019 U.S. Dist. LEXIS 168768, at *19 (S.D.N.Y. Sept. 27, 2019) (plaintiff abandoned his claims by failing to oppose or rebut that branch of defendants' motion which was to dismiss it); Williams v. Mirabal, No. 11 Civ. 366 (JMF), 2013 U.S. Dist. LEXIS 6676 at *4 (S.D.N.Y. Jan. 16, 2013) (*pro se* failure to respond warrants dismissal); Lipton v. Cnty. of Orange, N.Y., 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("[Courts] may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments.").

Plaintiff also fails to oppose defendant's argument that his First Amendment claim brought via 42 U.S.C. § 1983 does not establish that any such violation was the result of an official policy or custom or practice. Monell v. Department of Social Services, 436 U.S. 658 (1978). Accordingly, plaintiff's claims must be dismissed.

7

## POINT III

### PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Defendant asserted that plaintiff's claims should be dismissed with prejudice due to the multiple opportunities to amend the complaint and plaintiff's failure to state a viable claim. See Def. Mem. at Point VIII. Plaintiff failed to oppose this assertion. See generally Pl. Opp. As such, for the reasons set forth in defendant's moving papers, and/or because plaintiff has abandoned any contrary argument, the SAC should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, and for those provided in defendant's opening brief, defendant respectfully requests that its Motion to Dismiss the Second Amended Complaint be granted, that the Second Amended Complaint be dismissed with prejudice, that the relief requested in the Second Amended Complaint denied in all respects, that judgment be entered for defendant, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 5, 2022

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
City of New York
Attorney for Defendant
100 Church Street, Room 2-122
New York, New York 10007
(212) 356-3574
lrosenfe@law.nyc.gov

By: /s/ *Lauren A. Rosenfeld*
Lauren A. Rosenfeld
Assistant Corporation Counsel

8